## GUYER v. CHAPMAN et al. (No. 8408.)

(Court of Civil Appeals of Texas. Dallas. Dec. 4, 1920. Rehearing Denied Jan. 29, 1921.)

**1. Appeal and error ⬦966(1)—Denial of continuance not disturbed on appeal.**

Where there was evidence tending to show that plaintiff was pursuing a course of tactics tending to delay the case, court's refusal to continue the case will not be disturbed.

**2. Appeal and error ⬦962—Refusal to reinstate case not disturbed, where evidence supported dismissal.**

Where evidence tending to show that plaintiff was pursuing a course of tactics tending to delay the case was sufficient to support action of court in dismissing the case, court's refusal to reinstate the case will not be disturbed on appeal.

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Suit by R. W. Guyer against P. A. Chapman and others. Judgment of dismissal, and plaintiff appeals. Affirmed.

See, also, 207 S. W. 428.

C. F. Greenwood and Gano, Gano & Scurry, all of Dallas, and L. C. Clifton, of McKinney, for appellant.

Tom P. Whipple, of Waxahachie, and Harry Rogers, of Tulsa, Okl., for appellees.

RAINEY, C. J. A statement of the case is taken from appellant's brief, and found correct, which is as follows:

"This was a suit brought by appellant, as plaintiff, against P. A. Chapman, O. H. Chapman, R. M. McFarlin, and J. A. Chapman, appellees, as defendants, in the court below, to recover judgment for personal services rendered defendants by plaintiff. The pleadings consisted of plaintiff's fifth amended original petition and defendants' second amended original answer and their first supplemental answer.

"Plaintiff's said amended petition alleged, among other things, that he was a geologist and was acquainted with minerals, including gold, silver, etc., as well as with the character of rocks, soils, geological formations, and the type and character of the uplift and trend of formations where oil and gas are usually found.

"The petition alleged that a partnership was formed by and between plaintiff and defendants for the purpose of searching for, discovery of, locating, purchasing, developing or otherwise handling all kinds of minerals, gas, oil, and coal, wherever the same might be found, and that plaintiff should furnish his knowledge, information and services, as well as his judgment and opinion relative thereto; that defendants were to furnish all the capital in the enterprise, secure leases, and handle the lands, leases, etc., for the benefit of the partnership. It was alleged that plaintiff was to own and receive one-fifth and defendants four-fifths of all profits and net amounts realized by the undertaking; that plaintiff advised defendants that in his opinion oil and gas could be found and discovered in Electra and Wichita, Texas, as also in Oklahoma; that by reason of said judgment and opinion, the defendants purchased certain lands and leases that were of great value, and in which he was entitled to a one-fifth interest.

"That defendants realized several million dollars in profits in the purchase and sale of lands and leases, and to which he was entitled to a one-fifth interest. It was alleged that defendants breached their agreement, contract, and partnership undertaking with him, refused to make a settlement with him, and appropriated

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

his interest to their own benefit, and repudiated the partnership obligation, and that they became liable to him in the sum of $2,000,000.

"Plaintiff further alleged that, if mistaken in his construction of the agreement, yet that he performed the services set out in his petition, and did so at the special instance of defendants; that they accepted his services and thereby became liable to him for the reasonable value of his services, knowledge and labor, but that they have refused to pay him; and that such services were of the reasonable value of $2,000,000, for which amount he prayed judgment.

"The defendants answer by exceptions, general and special, general and special denial.

"When the case was called for trial at the September term, 1919, the plaintiff presented a motion for continuance on the ground that his presence and testimony were necessary to sustain the allegations of his petition, and that he was then sick and confined to his bed in Dallas, Texas, and unable to attend court, which motion was supported by his affidavit and the certificates of two attending physicians.

"Said motion was contested by defendants by a counter motion, with affidavits attached thereto.

"On the 11th day of September, 1919, the court, after hearing the motion for continuance and the affidavits attached, and the counter motion or contest of defendants, with attached affidavits, overruled the motion for continuance, to which plaintiff excepted.

"After overruling the motion for a continuance, the court entered judgment to the effect that defendants appeared in court, but that plaintiff failed to appear in person or by attorney, and that the court had overruled a motion to continue said cause, and that, as plaintiff failed to appear in the case, the court ordered the suit dismissed, adjudging the costs against plaintiff, and that defendants go hence without day. The judgment recites that plaintiff excepted to said order and judgment.

"Thereafter, and on 13th day of September, 1919, the plaintiff filed and presented his motion to reinstate said cause and continue same, together with affidavits attached thereto.

"Defendants filed and presented a counter motion or contest, contesting plaintiff's motion to reinstate, together with several affidavits attached.

"On 22d day of September, 1919, the court, after considering said motion to reinstate the contest, and the several certificates and affidavits attached to the motion to reinstate the contest, and plaintiff's reply thereto, entered judgment overruling the motion to reinstate, to which plaintiff duly excepted.

"The appellant, having excepted to the orders, judgments, and decrees of the court, and having given notice of appeal and filed his appeal bond, and under the extensions of time granted by the court, having prepared and filed his bills of exception and the record of the cause, he now brings the cause before this court for revision and review."

The trial court overruled the motion to continue the case. The motion was heard in the absence of appellant and of any attorney representing him, and the case was dismissed.

Appellant filed a motion to reinstate the case, which motion was overruled, and the appellant brings the cause here for review.

On the hearing of the motion of appellant for a continuance, the appellee filed a contest on the ground that appellant was able to attend the trial and his sickness at that time was a pretense for delaying the trial. The motion was heard by the court, and on the evidence of both parties the court entered the following judgment:

"R. W. Guyer v. P. A. Chapman et al.
"No. 8393.

"Thursday, September 11, 1919.

"On this the 11th day of September, 1919, came on to be heard the motion of plaintiff, R. W. Guyer, for continuance filed herein, and also came on to be heard the contest of said motion, filed herein by defendants, and the court, after hearing the evidence, including affidavits and certificates attached to said motion and contest, is of opinion that said motion for continuance should be overruled.

"It is therefore ordered, adjudged, and decreed by the court that said motion for continuance be and the same is hereby overruled, to which action of the court in overruling said motion for continuance plaintiff then and there in open court excepted.

* * * * * * *

"R. W. Guyer v. P. A. Chapman et al.
"No. 8393.

"11th day of September, 1919.

"This day, the above styled and numbered cause coming on regularly for trial, came the defendants in person and by attorneys, but the plaintiff failed to appear in person or by attorney, and the court having overruled plaintiff's motion for a continuance, to which action of the court the plaintiff had excepted, and it appearing to the court, upon the overruling of said motion for continuance, that plaintiff is not represented by attorney, and that plaintiff fails to appear and prosecute his said suit, and said cause coming on for trial, it is therefore ordered, adjudged, and decreed that this suit be dismissed for want of prosecution, that defendants go hence without day, and that said defendants have and recover of plaintiff costs in this behalf expended, for which let execution issue in favor of said defendants, and each of them. It is further ordered by the court that execution issue for the benefit of the officers of court against each party for the costs by them respectively incurred in this cause, to which action of the court in dismissing said suit for want of prosecution plaintiff in open court excepts."

On appellant's motion to reinstate the court entered the following order:

"R. W. Guyer v. P. A. Chapman et al.
"No. 8393.

"Monday, Sept. 22, 1919.

"On this the 22d day of September, 1919, came on to be heard plaintiff's motion to reinstate filed herein, and also the reply of defendants controverting said motion to reinstate,

together with plaintiff's answer to defendants' said reply, each of said instruments having been duly filed herein; and the court, after hearing all the evidence, including affidavits and certificates attached to said motion and answers, is of opinion that plaintiff's said motion to reinstate should be overruled.

"It is therefore ordered that said motion to reinstate be and the same is hereby overruled, to which action of the court in overruling said motion to reinstate the plaintiff, R. W. Guyer, then and there in open court excepts, and gives notice of appeal to our Court of Civil Appeals in and for the 5th Supreme Judicial District of Texas."

[1] On the contest of the application for continuance the trial judge heard the evidence. The contest charged that appellant's application was made for delay and that appellant was able to be present at the trial. It alleged facts which tended to show that appellant was pursuing a course of tactics tending to delay the case. From the evidence the court evidently found that said facts were true, and that appellant was not sick, and overruled the motion for continuance. Under these findings of facts the ruling of the lower court cannot be disturbed by this court.

The facts of this case do not show what diligence has been used by appellant to secure other attorneys to represent him. We find attorneys represented him in procuring an extension of time in which to file statement of facts and bills of exception. This motion was filed at the September term of court, 1919, the term at which their motion was heard by the court, and was granted at said term. This shows that soon afterwards appellant had exercised diligence to secure attorneys to represent him, and that if the proper diligence had been exercised by him he could have been represented on the trial by proper attorneys.

[2] We have examined the record, and find no error in the overruling of the motion for continuance and dismissing the case by the trial court, and we sustain said ruling. We cannot disturb the action of the trial court in overruling the motion to reinstate because we have found that there was evidence to support his action in dismissing, and, if that order was justified, manifestly he had the right to stand by it and refuse to reinstate the case upon the showing made.

The judgment is affirmed.